IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| STEPHEN ROHRER,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | 4:14-cv-00101-JAJ-HCA<br><br><br><br>REPORT AND RECOMMENDATION ON DEFENDANT'S MOTON FOR FURTHER SANCTIONS |

      Before the Court is defendant's February 20, 2015 Motion for Further Sanctions Due to Plaintiff's Failure to Comply with Court Orders Pursuant to Rule 37(b) and for Dismissal Pursuant to Rule 41(b) [28], as supplemented on March 10, 2015 [32][36]. Plaintiff has not responded to the motion. In a previous ruling [17] on defendant's First Motion to Compel Discovery Responses, plaintiff was ordered to respond to discovery by December 2, 2014. Additionally, by separate ruling [23] plaintiff and his attorney were ordered to pay $672.80 in attorney's fees to defendant's attorneys.

      During a telephonic status conference on February 5, 2015, counsel for defendant indicated that plaintiff had provided some, but not all, of the requested discovery. Consequently, the Court entered an order on February 9, 2015, requiring plaintiff to provide all remaining supplemental discovery to defendant by no later than February16, 2015. [27] The Court specifically warned plaintiff that failure to comply with the Court's orders and fully respond to the discovery requests may result in the imposition of additional sanctions including a recommendation by the undersigned to dismiss the lawsuit. [27]

Defendant seeks the sanction of dismissal of plaintiff's lawsuit pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) on four grounds. First, defendant advises that while plaintiff responded to the discovery requests on December 2, 2014, the responses and document production were incomplete and required supplementation. (Motion [28] at 2-3). Plaintiff has not supplemented his discovery responses. Second, neither plaintiff nor his attorney have made a payment on the fees awarded to defendant's attorneys. Third, plaintiff has not served any discovery in compliance with the Court's February 9, 2015 Order for Plaintiff to Serve Discovery [27]. Finally, as indicated in the supplement to defendant's motion, defendant noticed plaintiff's deposition for March 6, 2015. (Supplement [36-1] at 2). Neither plaintiff nor his attorney appeared at the time and place indicated in the notice of deposition. (*Id.*)

Federal Rule of Civil Procedure 16(f)(1)(C) provides that if a party fails to obey a pretrial order "[o]n motion or on its own the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v) authorizes the Court to dismiss a disobedient party's action. Plaintiff has failed to cooperate in discovery, comply with the Court's orders or even respond to the present motion. In the Court's February 9, 2015 order plaintiff was warned noncompliance could result in dismissal of his lawsuit. It is fair to view the circumstances as evincing willful disobedience to the Court's orders and a persistent failure to prosecute this lawsuit. Accordingly, the Court will recommend dismissal of plaintiff's Complaint.

IT IS RESPECTFULLY RECOMMENDED that in view of Mr. Rohrer's failure to comply with multiple pretrial orders and his failure to appear for his deposition, defendant's motion for sanctions [28][32][36] should be granted and the Complaint in this case should be dismissed. Fed. Rs. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(v).

IT IS ORDERED that plaintiff's counsel, Jacob Van Cleaf, shall provide plaintiff with a copy of this Report and Recommendation and file proof of service with the court.

IT IS ORDERED that Mr. Rohrer shall have until **April 21, 2015** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 7th day of April, 2015.

HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE